```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
VINCENT MASINO, KEITH LOSCALZO,
FRANCISCO FERNANDEZ, PHILIP A. FAICCO,
JAMES KILKENNY and ANTHONY ROBIBERO, as
Trustees and Fiduciaries of the PAVERS AND ROAD
BUILDERS DISTRICT COUNCIL WELFARE,
PENSION, ANNUITY AND APPRENTICESHIP,
SKILL IMPROVEMENT AND TRAINING FUNDS,

                         Plaintiffs,

            -against-

EAST PORT EXCAVATION & UTILITIES
CONTRACTORS, INC.,

                         Defendant.
-----------------------------------------------------------------X
```

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ FEB 0 5 2013 ★
BROOKLYN OFFICE

**MEMORANDUM & ORDER**

11-CV-0450 (NGG) (VVP)

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiffs Vincent Masino, Keith Loscalzo, Francisco Fernandez, Philip A. Faicco, James Kilkenny, and Anthony Robibero are the employer and employee representatives and the trustees ("Trustee Plaintiffs") of the Pavers and Road Builders District Council Welfare, Pension, Annuity and Apprenticeship, Skill Improvement and Training Funds (the "Funds Plaintiff") brought this action against Defendant East Port Excavation & Utilities Contractors, Inc. under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA"). (See Compl. (Dkt. 1); Am. Compl. (Dkt. 10).) Although counsel for Defendant represented to the court at a pre-motion conference that there is no defense to Plaintiffs' claims, the parties have not reached a settlement agreement or agreed to entry of a consent judgment. (See Mar. 16, 2012, Minute Entry.) Plaintiffs have moved for summary judgment. (See Mot. for Summ. J. (Dkt. 24).) For the reasons explained below, Plaintiffs' motion is GRANTED.

1

## I. BACKGROUND

### A. Facts

The facts in this case come from the parties' Local Rule 56.1 Statements of Facts, which are largely in agreement. (See Pl. 56.1 Stmt. (Dkt. 31); Def. 56.1 Stmt. (Dkt. 31).)

Funds Plaintiff is a multiemployer labor management trust fund. (Def. 56.1 Stmt. ¶ 1.) Trustee Plaintiffs are employer and employee trustees of the funds. (Id.) Defendant is a construction company incorporated in New York. (Id. ¶ 2.)

In September 2008, Defendant executed a Collective Bargaining Agreement ("CBA") with the Highway, Road, and Street Construction Laborers' Local Union 1010 of the District Council of Pavers and Road Builders of the Laborers' International Union of North America, AFL-CIO. (Id. ¶ 3.) The CBA covered the period between July 1, 2005, and June 30, 2012, and covered all paving and road-building work performed by Defendant in New York City. (Id. ¶ 4.) The CBA required Defendant to make specified hourly contributions to the Funds on behalf of all employees performing the specified work, and according to rate schedules set forth in the CBA. (Id. ¶ 6.) The CBA provided that if an employer failed to pay the required contributions, it would have to pay "in addition to the amounts due and unpaid, annual interest at the rate of 10% per annum, all costs, including reasonable audit and accounting expenses, and attorneys' fees and costs." (Id. ¶ 7.)

Plaintiffs contend that the CBA also provided that if an employer failed to make the contributions, the employer would be liable for liquidated damages at a rate of 20% of the unpaid contributions. (Pl. 56.1 Stmt. ¶ 8.) Defendant denies that it is bound this provision because it was in a separate document, not in the CBA itself, which Defendant did not execute. (Def. 56.1 Stmt. ¶ 8.) Thus, according to Defendant, the CBA provided for liquidated damages at a rate of

2

10%. (Id.) Defendant also contends that Plaintiffs' assertion of the amount of payments Defendant has made since this action was commenced is unsupported by admissible evidence. (Id. ¶ 20 ("Plaintiff has failed to cite to admissible evidence as required by Local Rule 56.1. East Port is uncertain as to how much money the Funds have recovered.")) With their reply, Plaintiffs include the declaration of Joseph Montelle, an administrator of the Funds, which attaches copies of the checks Plaintiffs have received from, or on behalf of, Defendant.[1] (See Decl. of Joseph Montelle in Further Supp. of Mot. for Summ. J. (Dkt. 33) ("Montelle Decl. II") ¶ 3.)

B. Procedural History

Plaintiffs filed their Complaint on January 28, 2011, and filed an Amended Complaint on July 5, 2011. (See Compl.; Am. Compl.) After engaging in limited discussions of potential discovery and settlement with Defendant, Plaintiffs moved for a pre-motion conference in anticipation of filing a motion for summary judgment. (Jan. 9, 2012, Pl. Ltr. (Dkt. 19).) At the pre-motion conference, Defendant's counsel represented that there is no defense to Plaintiffs' claims. (See Mar. 16, 2012, Minute Entry.) Although the court encouraged the parties to settle or enter a consent judgment, the parties were unable to do so and Plaintiffs filed a motion for summary judgment. (See May 1, 2012, Pl. Ltr. (Dkt. 21); Mot. for Summ. J.) In opposition to Plaintiffs' motion for summary judgment, Defendant submitted only a 56.1 Statement and the Declaration of Judith Donnefeld. (See Def. 56.1 Stmt.; Decl. of Judith Donnefeld in Opp'n to Mot. for Summ. J. (Dkt. 32) ("Donnefeld Decl.").)

---

[1] Several of the checks appear to have originated from other entities to Funds Plaintiff, or from other entities payable to Defendant that it endorsed over to Funds Plaintiff. (See Ex. A. to Montelle Decl. II.)

## II. SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56(a), summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The burden to make this showing rests upon the party moving for summary judgment. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). "[T]he court must draw all reasonable inferences in favor of the nonmoving party." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 149 (2000).

A fact is material if its existence or non-existence "might affect the outcome of the suit under the governing law," and an issue of fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine issue is created by "specific facts" grounded in testimony or other admissible evidence, not by "mere allegations or denials" of the adverse party's pleadings, id., "by the presentation of assertions that are conclusory," Patterson v. Cnty. of Onieda, N.Y., 375 F.3d 206, 219 (2d Cir. 2004), or "by conjecture[] or speculation" from the non-movant, Kulak v. City of New York, 88 F.3d 63, 71 (2d Cir. 1996).

Summary judgment must be granted "[w]hen no rational jury could find in favor of the nonmoving party because the evidence to support [her] case is so slight." Gallo v. Prudential Res. Servs., L.P., 22 F.3d 1219, 1224 (2d Cir. 1994). In particular, it must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In such a situation, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

4

## III. DISCUSSION

Under ERISA, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. "ERISA clearly assumes that trustees will act to ensure that a plan receives all funds to which it is entitled." Cent. States, Se. and Sw. Areas Pension Fund v. Cent. Transp., Inc., 472 U.S. 559, 571-72 (1985). If trustees bring suit against an employer for failure to make contributions and the employer is found liable, the court shall award: (1) unpaid contributions; (2) interest on the unpaid contributions; (3) an amount equal to the greater of interest on the unpaid contributions or liquidated damages provided for under the plan not in excess of 20%; (4) reasonable attorneys' fees and costs of the action; and (5) other legal or equitable relief as the court deems appropriate. See 29 U.S.C. § 1132(g)(2).

Defendant concedes that it was obligated under the CBA to make contributions and that it failed to do so. (See Def. 56.1 Stmt. ¶¶ 6-16; Donnenfeld Decl. ¶¶1-2.) Defendant also concedes that, as shown by Plaintiffs' auditors, Defendant's unpaid contributions total $166,530.76. (Def. 56.1 Stmt. ¶ 19.) Defendant does not dispute that Plaintiffs are entitled to 10% per annum interest, calculated from January 4, 2010—the midpoint of the delinquency—to May 10, 2012, the date of Plaintiffs' submission. (See Decl. of Joseph Montelle in Supp. of Mot. for Summ. J. (Dkt. ) ("Montelle Decl. I") ¶ 8; Def. 56.1 Stmt. at 7.) Using these figures, interest on the unpaid contributions totals $24,184.54.[2] (Pl. Mem. (Dkt. 26) at 11.) Accordingly, there is no disputed issue of material fact that, under ERISA, Defendant is obligated to pay the unpaid contributions

---

[2] The interest is 10% of the total unpaid contributions, not the amount outstanding at the time of judgment. See See Iron Workers Dist. Council of W. N. Y. and Vicinity Welfare and Pension Funds v. Hudson Steel Fabricators & Erectors, Inc., 68 F.3d 1502, 1507 (2d Cir. 1995) ("[T]he amount of an award of interest or liquidated damages should logically be predicated upon the amount of unpaid contributions originally at issue, whether or not outstanding at the time of judgment, since that amount correctly measures the damage caused by the delinquency.")

5

in the amount of $166,530.76 and interest on the unpaid contributions in the amount of $24,184.54, the greater of interest or liquidated damages under the contract, plus reasonable attorneys' fees and costs.[3]

Defendant offers only two responses in opposition to summary judgment: (1) that liquidated damages should be calculated under the CBA at a rate of 10%, rather than 20%, of the unpaid contributions; and (2) that Plaintiffs must provide admissible evidence to support their contention that Defendant still owes contributions in the amount of $102,998.17. (Def. 56.1 Stmt. ¶¶ 8, 20.) Defendant asks that the court deny summary judgment until Plaintiffs provide "an accounting for all monies received on [Defendant's] behalf," and deny Plaintiffs' demand for liquidated damages of 20%. (Donnenfeld Decl. ¶¶ 3, 5.)

### 1. *Amount of Outstanding Unpaid Contributions*

In opposition to summary judgment, Defendant took issue with Plaintiffs' assertion in their 56.1 Statement that since the initial audits were issued the Funds had recovered $63,532.39. (Donnenfeld Decl. ¶ 5.) Defendant argued that Plaintiffs are required to submit evidence to support that contention rather than merely state it. (Id.) Plaintiffs' reply thus included copies of the checks received by the Funds, supporting the figure of $63,532.59. (Id.; Ex. A to Montelle Decl. II.) Accordingly, now that Plaintiffs have submitted the evidence underlying their figure, there is no disputed issue of fact that payment of $63,532.59 has been made by Defendant or on Defendant's behalf.

---

[3] Plaintiffs ask that judgment be entered that they are entitled to reasonable attorneys' fees and costs, which are to be determined in accordance with a post-motion application. (See Pl. Reply (Dkt. 33) at 5.) Since that the parties have already engaged in somewhat unnecessary motions practice, the court directs that the parties attempt to settle the issue of fees and costs. If such efforts fail, Plaintiffs may make a post-judgment motion for fees and costs.

6

Defendant originally owed $166,530.76. (Def. 56.1 Stmt. ¶ 19.) Offsetting this amount by $63,532.59 leaves $102,998.17 in unpaid contributions. Therefore, after Plaintiffs' submission, Defendant still owes $102,998.17 of the total amount of unpaid contributions. Accordingly, judgment for the unpaid contributions shall be entered in the amount of $102,998.17. See Hudson Steel Fabricators & Erectors, Inc., 68 F.3d at 1505-06 (funds were entitled to a judgment in the amount still outstanding at the time of judgment, in addition to the other relief set forth in § 1132(g)(2)).

### 2. *Liquidated Damages and Interest*

The applicable provision of ERISA provides for damages equal to the greater of the amount of interest or the amount of liquidated damages provided for under the plan. 29 U.S.C. § 1132(g)(2)(C). The parties' submissions agree that interest is the greater of the two amounts.[4] (Pl. Reply at 4.) As discussed above, interest on the unpaid contributions totals $24,184.54. Accordingly, under § 1132(g)(2)(C), Plaintiffs are entitled to an additional $24,184.54.

## IV. CONCLUSION

Therefore, Plaintiffs' motion for summary judgment is GRANTED. Plaintiffs are entitled to a judgment in the amount of: (1) $102,998.17, the amount of total unpaid contributions yet to be paid; (2) $24,184.54 in interest on the total unpaid contributions; (3) an additional $24,184.54 in damages on the unpaid contributions; and (4) reasonable attorneys' fees and costs in an amount yet to be determined.

The parties are directed to contact Magistrate Judge Viktor V. Pohorelsky to schedule a settlement conference concerning the amount of attorneys' fees and costs to which Plaintiffs are entitled. If settlement is not successful, Plaintiffs may file a motion for attorneys' fees and costs

---

[4] Liquidated damages at the 20% rate would amount to $33,306.15. Plaintiffs conclude that the amount of interest, $24,184.54, is the higher of liquidated damages or interest, and that they are entitled to that amount. (Id.) Thus, Plaintiffs concede that the 20% liquidated damages rate does not apply.

and attach proper documentation to support their request. After disposition of the issue of fees and costs, the court will direct the Clerk of the Court to enter final judgment in the total amount.

SO ORDERED.

Dated: Brooklyn, New York
      February _1_, 2013

s/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge